UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA BELL, | ) | No. EDCV 10-1485 FFM |
|       Plaintiff, | ) ) | MEMORANDUM DECISION AND ORDER |
| v. | ) ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
|       Defendant. | ) ) | |

    Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying her application for Supplemental Security Income benefits. On October 20, 2010 and November 2, 2010, plaintiff and defendant, respectively, consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Pursuant to the Case Management Order entered on October 13, 2010, on June 9, 2011, the parties filed a Joint Stipulation detailing each party's arguments and authorities. The Court has reviewed the administrative record (the "AR"), filed by defendant on April 7, 2011, and the Joint Stipulation. For the reasons stated below, the decision of the Commissioner is affirmed.

///

///

///

# PROCEDURAL HISTORY

On March 25, 2008, plaintiff filed an application for Supplemental Security Income benefits. Plaintiff's application was denied initially and upon reconsideration. Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). ALJ Sharilyn Hopson held a hearing on March 2, 2010. (AR 19-55.) Plaintiff appeared with counsel and testified at the hearing.

On May 28, 2010, the ALJ issued a decision denying benefits. (AR 6-18.) Plaintiff sought review of the decision before the Social Security Administration Appeals Council. On August 31, 2010, the Appeals Council denied plaintiff's request for review. (AR 1-3.)

Plaintiff filed her complaint herein on October 7, 2010.

# CONTENTIONS

Plaintiff raises three issues in this action:

1. Whether the ALJ erred properly considered the treating psychiatrist's opinion;
2. Whether the ALJ provided a complete and proper assessment of plaintiff's residual functional capacity; and
3. Whether the ALJ posed a complete hypothetical question to the vocational expert.

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984). However, even if substantial evidence exists in the record to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014-15 (9th Cir. 2003); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

## DISCUSSION

Plaintiff contends that the ALJ improperly rejected the findings of treating psychiatrist, Dr. Krishna Murphy, contained in a Mental Disorder Questionnaire Form.

In evaluating physicians' opinions, the case law and regulations distinguish among three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither treat nor examine the claimant (non-examining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), *limited on other grounds*, *Saelee v. Chater*, 94 F.3d 520, 523 (9th Cir. 1996); *see also* 20 C.F.R. §§ 404.1502, 404.1527(d). As a general rule, more weight should be given to the opinion of a treating source than to the opinions of physicians who do not treat the claimant. *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987); *see also* 20 C.F.R. § 404.1527(d)(2).

The Ninth Circuit has held that an ALJ may reject a treating physician's uncontradicted opinion only with "clear and convincing" reasons supported by substantial evidence in the record. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (quoting *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993)) (internal quotation marks omitted). If the treating physician's opinion is controverted, the ALJ

must still provide "specific and legitimate" reasons, supported by substantial evidence in the record, in order to reject the treating physician's opinion. *Lester*, 81 F.3d at 830; *Holohan v. Massanari*, 246 F.3d 1195, 1202-03 (9th Cir. 2001). "The ALJ could meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks omitted).

Here, the consultative examining psychiatrist, Dr. Ernest A. Bagner III, and the State agency non-examining physicians contradicted Dr. Murphy's conclusions. Therefore, the ALJ was required to provide specific and legitimate reasons for rejecting Dr. Murphy's opinion.

The ALJ noted that no objective evidence supported Dr. Murphy's conclusions in the Mental Disorder Questionnaire Form that he completed May 15, 2008. Moreover, Dr. Murphy's own treatment record, as well as plaintiff's treatment record as a whole, did not support the limitations set forth in the form. This lack of support in the treatment notes, objective evidence, and medical record as a whole is a specific and legitimate reason supported by substantial evidence for rejecting Dr. Murphy's opinion.

Although plaintiff contends that the ALJ should have contacted Dr. Murphy to further develop the record, the Court finds that remand is not required. The ALJ has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered, even when the claimant is represented. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996) (citing *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)). However, "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (citing *Tonapetyan*, 242 F.3d at 1150).

Here, there was no ambiguity in the record, Dr. Murphy's treatment notes, the record as a whole, and the objective evidence simply did not support Dr. Murphy's opinion regarding plaintiff's limitations.

Moreover, even if the ALJ had had a duty to develop the record, "[t]he ALJ may discharge [such duty] in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Tonapetyan*, 242 F.3d at 1150; *see also Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996). Here, the ALJ left the record open to allow plaintiff an opportunity to provide additional medical records. (AR 22.)

The remaining contentions are all dependent on the adoption of Dr. Murphy's limitations. Because the Court finds no error in the ALJ's rejection of those limitations, remand also is not required with respect to Issue's Two and Three.

**CONCLUSION**

For the foregoing reasons, the judgement of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED: June 29, 2011

      /S/ FREDERICK F. MUMM
      FREDERICK F. MUMM
      United States Magistrate Judge